### In re: PLASTIC INJECTION MOLD-ING MANUFACTURING PROCESS ('184) PATENT LITIGATION.

### MDL No. 2149.

United States Judicial Panel on Multidistrict Litigation.

April 14, 2010.

Before KATHRYN H. VRATIL, Acting Chairman, JOHN G. HEYBURN II, Chairman,\*, ROBERT L. MILLER, Jr.,\* DAVID R. HANSEN, W. ROYAL FURGESON, Jr., FRANK C. DAMRELL, JR. and DAVID G. TRAGER,\* Judges of the Panel.

### ORDER DENYING TRANSFER

KATHRYN H. VRATIL, Acting Chairman.

**Before the entire Panel:** Patent holder Jens Erik Sorensen, as trustee of Sorensen Research and Development Trust (collectively Sorensen) moves, pursuant to 28 U.S.C. § 1407, for centralization of 29 patent infringement actions in the Southern District of California or the Northern Dis-

---

\* Judges Heyburn, Miller and Trager took no part in the disposition of this matter.

trict of California.[1] All responding allegedly infringing parties or groups of parties in 25 actions oppose the motion. If the Panel deems centralization appropriate, some opponents alternatively favor selection of one of the proposed districts as transferee forum.

These 29 actions are pending as follows: 27 actions in the Southern District of California and one action each in the Northern District of California and the Eastern District of Pennsylvania, as listed on Schedule A.

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Although all actions share one or more factual questions relating to the validity of United States Patent 4,935,184, the parties can continue to avail themselves of alternatives to Section 1407 transfer to minimize whatever possibilities may arise of duplicative discovery and/or inconsistent pretrial rulings. The presiding Southern District of California judge is already coordinating proceedings in the 27 actions before him. All parties in the Eastern District of Pennsylvania declaratory judgment action are already before the Southern District of California court. The remaining Northern District of California action is likely susceptible to informal coordination by the involved parties and courts as well. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (J.P.M.L.1978); *see also*

Manual for Complex Litigation, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these 29 actions is denied.

## SCHEDULE A

MDL No. 2149 — **IN RE: PLASTIC INJECTION MOLDING MFG. PROCESS ('184) PATENT LITIGATION**

*Northern District of California*

*Jens Erik Sorensen, etc. v. Lexar Media, Inc.,* C.A. No. 5:08–95

*Southern District of California*

*Jens Erik Sorensen, etc. v. Giant International (USA) Ltd.,* C.A. No. 3:07–2121

*Jens Erik Sorensen, etc. v. Esseplast (USA) NC, Inc.,* C.A. No. 3:07–2277

*Jens Erik Sorensen, etc. v. Helen of Troy Texas Corp.,* et al., C.A. No. 3:07–2278

*Jens Erik Sorensen, etc. v. Emerson Electric Co., et al.,* C.A. No. 3:08–60

*Jens Erik Sorensen, etc. v. Ryobi Technologies, Inc., et al.,* C.A. No. 3:08–70

*Jens Erik Sorensen, etc. v. Senco Products, Inc.,* C.A. No. 3:08–71

*Jens Erik Sorensen, etc. v. Informatics, Inc., et al.,* C.A. No. 3:08–134

*Jens Erik Sorensen, etc. v. Motorola, Inc.,* C.A. No. 3:08–136

*Jens Erik Sorensen, etc. v. Grizzly Industrial, Inc., et al.,* S.D. California, C.A. No. 3:09–531—were recently dismissed. Accordingly, the question of centralization as it relates to these actions is moot.

**1.** Three additional actions on the Section 1407 motion—*Big Lots Stores, Inc. v. Sorensen Research & Development Trust,* S.D. California, C.A. No. 3:09–2702; *Jens Erik Sorensen, etc. v. Freshlink Product Development, LLC, et al.,* S.D. California, C.A. No. 3:09–267; and

*Jens Erik Sorensen, etc. v. Alltrade Tools, LLC*, C.A. No. 3:08–232

*Jens Erik Sorensen, etc. v. Global Machinery Co., et al.*, C.A. No. 3:08–233

*Jens Erik Sorensen, etc. v. Emissive Energy Corp.*, C.A. No. 3:08–234

*Jens Erik Sorensen, etc. v. Metabo Corp., et al.*, C.A. No. 3:08–304

*Jens Erik Sorensen, etc. v. Rally Manufacturing, Inc.*, C.A. No. 3:08–305

*Jens Erik Sorensen, etc. v. Sunbeam Products, Inc.*, C.A. No. 3:08–306

*Jens Erik Sorensen, etc. v. Central Purchasing, LLC*, C.A. No. 3:08–309

*Jens Erik Sorensen, etc. v. Kyocera International, Inc., et al.*, C.A. No. 3:08–411

*Jens Erik Sorensen, etc. v. DMS Holdings, Inc.*, C.A. No. 3:08–559

*Jens Erik Sorensen, etc. v. Human Touch LLC, et al.*, C.A. No. 3:08–1080

*Jens Erik Sorensen, etc. v. Conair Corp., et al.*, C.A. No. 3:08–1256

*ACCO Brands USA LLC v. Jens Erik Sorensen*, C.A. No. 3:08–1670

*Jens Erik Sorensen, etc. v. Target Corp.*, C.A. No. 3:09–56

*Jens Erik Sorensen, etc. v. Big Lots Stores, Inc.*, C.A. No. 3:09–57

*Jens Erik Sorensen, etc. v. Spectrum Brands, Inc.*, C.A. No. 3:09–58

*Jens Erik Sorensen, etc. v. Lowe's Companies, Inc., et al.*, C.A. No. 3:09–59

*Jens Erik Sorensen, etc. v. Axonn, LLC, et al.*, C.A. No. 3:09–60

*Jens Erik Sorensen, etc. v. Fein Power Tools, Inc., et al.*, C.A. No. 3:09–558

*Jens Erik Sorensen, etc. v. Dorman Products, Inc.*, C.A. No. 3:09–1579

*Eastern District of Pennsylvania*

*Dorman Products, Inc. v. Sorensen Research & Development Trust*, C.A. No. 2:09–2946